UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CECIL TRUMAN, | ) | CASE NO. 1:05 CV 2032 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| STATE OF OHIO, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On August 22, 2005, petitioner pro se Cecil Truman filed the above-captioned petition for writ of habeas corpus under 28 U.S.C. § 2254. Truman challenges his conviction, pursuant to a guilty plea, for felonious assault and domestic violence. For the reasons stated below, the petition is denied and this action dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, a petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254(b).

It appears evident on the face of the petition that petitioner has not yet sought review of his conviction in the Ohio Supreme Court. Such review may be available, see Ohio Sup.Ct.R.P. II, sec. 2(A)(4)(a), and must be sought in order to exhaust state
court remedies. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

Accordingly, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3),

1

that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed. R.App.P. 22(b); 28 U.S.C. § 2253.

       IT IS SO ORDERED.

                                            /S/*SOLOMON OLIVER, JR.*
                                            UNITED STATES DISTRICT JUDGE

October 5, 2005